# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**MARKTAVIOS D. MARTIN,**

      **Petitioner,**

**v.**                           **Case No. 3:19cv1429-LC/MAF**

**MARK S. INCH, Secretary,**
**Florida Department of Corrections,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION

On or about May 8, 2019, Petitioner Marktavios D. Martin, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On February 19, 2020, Respondent filed an answer, with exhibits. ECF No. 15. Petitioner has filed a reply. ECF No. 19.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the petition should be

dismissed.  *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

By information filed May 11, 2016, in Escambia County Circuit Court case number 2016-CF-2131, the State of Florida charged Petitioner Marktavios D. Martin with two counts in connection with events that occurred on or about April 23, 2016, in connection with a traffic stop:  one count of tampering with evidence, in violation of section 918.13(1)(a), Florida Statutes; and one count of resisting an officer without violence, in violation of section 843.02, Florida Statutes.  Ex. 1 at 1.[1]  Martin proceeded to trial on July 26, 2016; the defense did not present any evidence and Martin did not testify.  Ex. 2 at 118-19.  The jury returned a verdict finding him guilty as charged on both counts.  Ex. 1 at 30; Ex. At 164-67.  On August 23, 2016, the judge adjudicated him guilty and sentenced him to

---

[1]Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's answer, ECF No. 15.

five (5) years in prison on the first count and to time served on the second count.  Ex. 1 at 55, 58-60, 63-70.

Martin appealed his judgment and sentence to the First District Court of Appeal (DCA), assigned case number 1D16-4049, and his court-appointed counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967).  Ex. 3.  On March 14, 2017, the First DCA per curiam affirmed the case without a written opinion.  Ex. 5; Martin v. State, 224 So. 3d 214 (Fla. 1st DCA 2017) (table).  The mandate issued April 11, 2017.  Ex. 5.

On June 14, 2017, Martin filed a pro se motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  Ex. 6 at 5-24.  By order on August 30, 2017, the state post-conviction court struck the motion as insufficiently pled and allowed Martin sixty (60) days to file an amended motion.  *Id.* at 32-33.  On October 8, 2017, Martin filed an amended Rule 3.850 motion.  *Id.* at 35-45.  By order on February 20, 2018, the state court found the amended motion also insufficiently pled and allowed Martin another opportunity to amend within sixty (60) days.  *Id.* at 59-60.

On March 14, 2018, Martin filed another motion pursuant to Rule

3.850, raising four claims of ineffective assistance of counsel (IAC).  *Id.* at

72-79.  In an order rendered March 20, 2018, the state court denied relief.

*Id.* at 80-85 (exclusive of attachments).  Martin appealed and filed a pro se

brief, raising three points, assigned case number 1D18-1544.  Ex. 7.  The

State did not file a brief.  Ex. 8.  On November 15, 2018, the First DCA per

curiam affirmed the case without a written opinion.  Ex. 9; <u>Martin v. State</u>,

263 So. 3d 748 (Fla. 1st DCA 2018) (table).  The First DCA denied Martin's

motions for rehearing and rehearing en banc, and the mandate issued on

February 12, 2019.  Ex. 9 at 3-9.

As indicated above, Martin filed a § 2254 petition in this Court on or

about May 8, 2019.  ECF No. 1.  He raises three grounds, all alleging IAC:

(1)  **IAC – Trial Counsel**:  Counsel did not file a proper motion
to dismiss on the tampering with evidence charge.  *Id.* at 4.

(2)  **IAC – Trial Counsel**:  Counsel advised Martin to reject the
State's plea offer of six (6) months and proceed to trial.  *Id.*
at 6.

(3)  **IAC – Trial Counsel**:  Counsel did not argue on the motion
for judgment of acquittal that abandonment does not
constitute tampering with evidence.  *Id.* at 7.

Respondent filed an answer, with exhibits.  ECF No. 15.  Martin has filed a

reply.  ECF No. 19.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and

Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant

habeas corpus relief for persons in state custody.  Section 2254(d)

provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgment of a State court shall not
> be granted with respect to any claim that was adjudicated on
> the merits in State court proceedings unless the adjudication of
> the claim –
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

28 U.S.C. § 2254(d).  *See, e.g.,* Cullen v. Pinholster, 563 U.S. 170, 180-83

(2011); Gill v. Mecusker, 633 F.3d 1272, 1287-88 (11th Cir. 2011).  "This is

a 'difficult to meet' and 'highly deferential standard for evaluating state-

court rulings, which demands that state-court decisions be given the benefit

of the doubt.'"  Cullen, 563 U.S. at 181 (quoting Harrington v. Richter, 562

U.S. 86, 102 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).

This Court's review "is limited to the record that was before the state court

that adjudicated the claim on the merits." *Id.*

For IAC claims, the United States Supreme Court has adopted a two-

part test:

> First, the defendant must show that counsel's performance was
> deficient.  This requires showing that counsel made errors so
> serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment.  Second,
> the defendant must show that the deficient performance
> prejudiced the defense.  This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair trial,
> a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984).  To demonstrate

ineffectiveness, a "defendant must show that counsel's performance fell

below an objective standard of reasonableness." *Id.* at 688.  To

demonstrate prejudice, a defendant "must show that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." *Id.* at 694.  "A reasonable

probability is a probability sufficient to undermine confidence in the

outcome." *Id.*  For this Court's purposes, importantly, "[t]he question 'is not

whether a federal court believes the state court's determination' under the

Strickland standard 'was incorrect but whether that determination was

unreasonable – a substantially higher threshold.'" <u>Knowles v. Mirzayance</u>,

556 U.S. 111, 123 (2009) (quoting <u>Schriro v. Landrigan</u>, 550 U.S. 465, 473

(2007)).  "And, because the <u>Strickland</u> standard is a general standard, a

state court has even more latitude to reasonably determine that a

defendant has not satisfied that standard."  *Id.*  It is a "doubly deferential

judicial review that applies to a <u>Strickland</u> claim evaluated under the

§ 2254(d)(1) standard."  *Id.*

### <u>Ground 1</u>:  IAC – Motion to Dismiss

In his first ground, Petitioner Martin asserts defense counsel should

have filed a motion to dismiss the charges of tampering with the evidence

and counsel should have argued the State could not establish a prima facie

case because there was no intent showing Martin altered or destroyed the

marijuana or the scale, and there was no evidence Martin had knowledge

of any investigation taking place.  ECF No. 1 at 4.  As Respondent

indicates, this ground is similar to the first ground Martin raised in his Rule

3.850 motion.  *See* Ex. 6 at 74.  The state post-conviction trial court denied

that ground, making the following findings:

> Defendant claims counsel was ineffective for failing to file
> a proper motion for dismissal on the tampering with evidence
> charge.  He alleges he removed the evidence from his person
> and the evidence only shows he fled with the evidence but did
> not alter or destroy it and no drugs were recovered.  He argues
> abandonment during flight from law enforcement, even if the

evidence is irrecoverable, does not constitute tampering with evidence.  He contends the State presented no evidence Defendant intended to alter, destroy, or conceal the marijuana or the scale.

Defendant's motion is insufficiently pled in that he fails to allege there was a reasonable probability a motion to dismiss would have been granted.  Nonetheless, the record shows there was no reasonable probability of a different outcome had counsel moved to dismiss.

The offense of tampering with evidence occurs when a person alters, destroys, conceals, or removes evidence with the purpose to impair its verity or availability in a criminal investigation.  *See* § 918.13(1)(a), Fla. Stat.  In its opening statement at trial, the State asserted Defendant removed the scale and marijuana from the scene to prevent its availability to be used during an investigation.  (Exhibit A, pp. 63-64.)  Officer Siemen testified he smelled the odor of marijuana emanating from the vehicle that was parked illegally, which led him to suspect narcotics activity.  (Exhibit A, pp. 79, 80-82.)  Defendant was sitting in the passenger seat of the vehicle.  (Exhibit A, p. 81.)  Siemen stated he observed Defendant move a clear plastic baggie with a green leafy substance, which the officer knew from his training and experience was marijuana, from Defendant's right hand to his left, where he also had a small scale.  (Exhibit A, pp. 82, 84, 109.).  Siemen further testified he asked Defendant what he had in his hand and told Defendant to stay in the vehicle, but Defendant exited the vehicle and fled the scene, while putting the objects in his pocket.  (Exhibit A, pp. 82-83.)  Defendant was located about an hour and a half later, but officers did not locate the marijuana or the scale.  (Exhibit A, pp. 85, 88.)  A video from Siemen's body camera corroborated the events and the scale, although the marijuana was not visible in the video.  (Exhibit A, pp. 93-95, 103-05.)  Siemen further stated that at the time he approached the vehicle and observed the marijuana and the scale, he was investigating a possible crime of narcotic activity.  (Exhibit A, pp. 89-90.)

Based on the evidence presented at trial, and construing the facts most favorably to the State, a prima facie case of tampering by concealment or removal was established. *See* State v. Jennings, 666 So. 2d 131, 133-34 (Fla. 1995). This is not a case where Defendant merely removed the evidence from his person but rather one where he removed it from the scene. *See* Chapman v. State, 36 So. 3d 822, 824 (Fla. 5th DCA 2010). Intent to conceal or remove the evidence in order to impair its veracity or availability in a criminal investigation could be inferred from the evidence presented at trial, including evidence Siemen asked Defendant what was in his hand, after which Defendant fled the scene with the evidence and was found without it. The record shows there was no reasonable probability a motion to dismiss would have been granted. Therefore, counsel was not deficient for not having moved to dismiss on the grounds asserted by Defendant, and prejudice cannot be shown.

Ex. 6 at 81-83. On appeal, the First DCA affirmed. The First DCA's summary affirmance is also an adjudication on the merits entitled to deference under 28 U.S.C. § 2254(d). *See* Richter, 562 U.S. at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."). A review of the record supports the state courts' determination. *See* Wilson v. Sellers, -- U.S. --, 138 S.Ct. 1188, 1192 ("We hold that the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the

same reasoning.").

The State charged Martin with tampering with evidence, contrary to section 918.13(1)(a), Florida Statutes (2015).  That statute provides:

> No person, knowing that a criminal trial or proceeding or an investigation by a duly constituted prosecuting authority, law enforcement agency, grand jury or legislative committee of this state is pending or is about to be instituted, shall . . . [a]lter, destroy, conceal, or remove any record, document, or thing with the purpose to impair its verity or availability in such proceeding or investigation[.]

§ 918.13(1)(a), Fla. Stat. (2015).  The Florida Supreme Court has explained that "tossing evidence away in the presence of a law enforcement officer . . . could amount to tampering or concealing evidence" under the statute.  State v. Jennings, 666 So. 2d 131, 132 (Fla. 1995).  The court explained that "[a]n affirmative act of throwing evidence away constitutes more than mere abandonment."  Id.  Further, in a footnote, the court stated that, even when the objects are not recovered, a defendant "can be found guilty of tampering under section 918.13 if a trier of fact finds [the defendant] knew an investigation was about to begin and destroyed objects which he knew were the focus of the impending investigation."  Id. at 134 n.3.

The state court record supports the findings made by the state post-conviction trial court regarding the prosecution's theory of the case and the

testimony of Officer Siemen.  In particular, in the opening statement, the

prosecutor asserted Martin removed the scale and marijuana from the

scene to prevent the officer from collecting it.  Ex. 2 at 63-64.  Further,

Officer Siemen testified that, as he approached the illegally parked vehicle,

in which Martin sat in the passenger seat, the officer smelled "a strong odor

of marijuana emanating from the vehicle," *id.* at 81, causing him to suspect

illegal narcotics activity.  *Id.* at 79-82.  The officer testified he saw Martin

with a clear plastic baggie containing a green leafy substance, which the

officer knew from training and experience was marijuana.  *Id.* at 82.  The

officer saw Martin move the baggie from his right hand to his left hand,

where Martin also held a small scale, about the size of a deck of cards.  *Id.*

at 75, 82, 84, 109.  Officer Siemen testified he asked Martin what he had in

his hand and told Martin to stay still in the vehicle; however, Martin exited

the vehicle and fled, while putting the objects in his left pocket.  *Id.* at 82-

83.  Officer Siemen chased Martin on foot until he "felt it wasn't safe to

pursue him anymore continuing around dark corners."  *Id.* at 84.  Martin

was apprehended about ninety minutes later, with the use of a canine unit,

but officers did not locate the marijuana or the scale.  *Id.* at 85-88.  A video

taken by Officer Siemen's body camera corroborated the events and

depicted the scale, although the marijuana was not visible in the video.  *Id.*

at 90-95, 98, 103-05.  Screenshots from the body camera video were also admitted into evidence.  *Id.* at 103.

In his reply, Martin points out that the abandonment of evidence during flight from law enforcement does not constitute tampering without evidence of a specific intent to tamper, citing Beazley v. State, 148 So. 3d 552 (Fla. 1st DCA 2014).  ECF No. 10 at 3.  He argues the State must prove he had knowledge of an impending investigation and destroyed evidence to impair its use for the investigation, citing State v. Major, 30 So. 3d 608, 609 (Fla. 4th DCA 2010).  ECF No. 19 at 3.

In this case, however, as set forth above, from the evidence and testimony presented by the State, the trier of fact could reasonably conclude that Martin knew an investigation was about to begin when Officer Siemen approached the vehicle in which he was sitting and started asking questions.  Further, upon questioning by the officer about what Martin had in his hand and a directive to stay in the vehicle, Martin fled and discarded the objects in question.  The officer's body camera video corroborated the events.  As the state post-conviction court reasonably concluded, based on the evidence presented at trial, and construing the facts most favorably to the State, the State presented a prima facie case of tampering and there was no reasonable probability that a motion to dismiss would have been

granted.  *See* Jennings, 666 So. 2d at 132, 134 n.3.  Accordingly, defense

counsel did not perform deficiently for not moving to dismiss and Martin

was not prejudiced by any such failure.

Based on the foregoing, Petitioner Martin has not shown that the

state courts' adjudication of this ground involved an unreasonable

application of clearly established federal law or that it was based on an

unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d)(1)-(2).

Under the double deferential review this Court applies to a Strickland claim

evaluated pursuant to the § 2254(d)(1) standard, this ground should be

denied.

## Ground 2:  IAC – Rejection of Plea Offer

In his second ground, Martin asserts his attorney provided ineffective

assistance by advising him to reject the State's plea offer of six (6) months

and, instead, proceed to trial.  ECF No. 1 at 6.  Martin asserts that

"counsel also advised [him] that even if you lose you will get no more than

county time and that he would win at trial."  Id.  In his reply, he similarly

argues that his counsel "misadvised [him] not to take the plea offer and go

to trial" and, further, "that even if you lose you will get no more than county

time and that he had a shot at winning trial."  ECF No. 19 at 4.  Martin

asserts that, based on this "ill advice," he decided to proceed to trial.  *Id.*;

ECF No. 1 at 6.

As Respondent indicates, this claim is similar to the second ground Martin raised in his state Rule 3.850 motion, except there Martin did not assert counsel had specifically advised him to reject the plea offer; rather, he asserted in state court that counsel advised him that he "could be vindicated in trial . . . [because] the State had only minimal evidence."  Ex. 6 at 75; *see* ECF No. 15 at 23.  The state post-conviction trial court denied that ground, making the following findings:

> Defendant claims counsel was ineffective for failing to advise Defendant that he faced a harsher sentence than the plea offer of six months.  He alleges he was advised he would only receive county time in the event of a conviction.  He further states had he been properly informed of the risks of conviction, he would have accepted the plea offer.
>
> Defendant fails to allege the State would not have withdrawn the plea offer, and the trial court would have accepted the plea.  Therefore, his claim is insufficiently pled.  *See* Alcorn v. State, 121 So. 3d 419, 430 (Fla. 2013).

Ex. 6 at 83.  On appeal, the First DCA affirmed.

The Strickland test applies to IAC claims arising out of the plea process.  Hill v. Lockhart, 474 U.S. 52, 57-58 (1985).  As the state post-conviction trial found, affirmed by the First DCA, Martin did not allege, much less show, the six-month plea offer would have been presented to the court and the court would have accepted the terms.  *See* Lafler v.

Cooper, 566 U.S. 156, 164 (2012) (clarifying that Sixth Amendment right to effective assistance of counsel extends to negotiation and consideration of plea offers that lapse or are rejected, and concluding that, to establish prejudice, defendant must show reasonable probability that but for counsel's ineffectiveness: (1) "the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)"; (2) "the court would have accepted its terms"; and (3) "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that were in fact imposed"); Alcorn, 121 So. 3d at 430.

The state post-conviction trial court's dismissal of the claim for facial insufficiency constitutes an adjudication on the merits.  *See* Pope v. Sec'y for Dep't of Corr., 680 F.3d 1271, 1285-86 (11th Cir. 2012); Borden v. Allen, 646 F.3d 785, 810-13 (11th Cir. 2011).  The record, particularly Martin's motion as filed in the state court, supports that court's finding, affirmed by the First DCA, that Martin's claim was not sufficiently pled.  *See* Ex. 6 at 75.  As indicated above, the state post-conviction trial court had given Martin multiple chances to amend his motion.  *See id.* at 6-31, 32-33, 35-47, 50-58, 59-60, 62-70.  Martin did not allege there, and does not

allege here, that the plea offer would not have been withdrawn or that the

judge would have accepted it.  *See* ECF No. 1 at 6; ECF No. 19 at 4-5; Ex.

6 at 75.

Based on the foregoing, Petitioner Martin has not shown that the

state courts' rejection of this ground involved an unreasonable application

of clearly established federal law or that it was based on an unreasonable

determination of the facts.  *See* 28 U.S.C. § 2254(d)(1)-(2).  Accordingly,

this ground should be denied.

## Ground 3:  IAC – Motion for JOA

In his third ground, Martin asserts his attorney provided ineffective

assistance by not arguing, in the JOA motion, that abandonment does not

constitute tampering with the evidence.  ECF No. 1 at 7; ECF No. 19 at 5-6.

As Respondent indicates, this claim is similar to the third ground Martin

raised in his Rule 3.850 motion.  Ex. 6 at 76; *see* ECF No. 15 at 24.  The

state post-conviction trial court denied that ground, making the following

findings:

> Defendant claims counsel was ineffective for failing to file
> a proper motion for judgment of acquittal on the charge of
> tampering with evidence.  He asserts the State only proved he
> abandoned the evidence but did not prove he altered, changed,
> or attempted to destroy the evidence and failed to show intent.
>
> Defendant's motion is insufficiently pled in that he fails to
> allege there was a reasonable probability of a different

outcome.  Nonetheless, there was no reasonable probability a
motion based on Defendant's allegations would have been
successful.

In moving for a judgment of acquittal, the defendant
admits the facts in evidence and every conclusion favorable to
the State that a jury might fairly and reasonably infer from the
evidence.  *See* Evans v. State, 177 So. 3d 1219, 1239 (Fla.
2015).  Based on the evidence referenced herein, the State
presented sufficient evidence that Defendant concealed the
evidence or removed it from the scene with the intent to impair
a criminal investigation and the evidence's availability.

Ex. 6 at 83-84.  On appeal, the First DCA affirmed.

To present a facially sufficient post-conviction claim that counsel

performed deficiently by not presenting and preserving a sufficiency of the

evidence claim in a motion for judgment of acquittal, "a movant should state

sufficient facts to show that '[he] may very well have prevailed on a more

artfully presented motion for acquittal based upon the evidence he alleges

was presented against him at trial.'" Neal v. State, 854 So. 2d 666, 670

(Fla. 2d DCA 2003) (quoting Boykin v. State, 725 So. 2d 1203, 1203 (Fla.

2d DCA 1999)).  "Where there is no showing that a motion for judgment of

acquittal had a likelihood of success, a movant has not presented a facially

sufficient claim for ineffectiveness of counsel."  *Id.* at 670.

The Eleventh Circuit has explained review of a denial of a JOA

motion:

We review de novo the denial of a motion for judgment of

acquittal, and in reviewing the sufficiency of the evidence underlying a conviction, we consider the evidence "in the light most favorable to the government, with all inferences and credibility choices drawn in the government's favor." United States v. DuBose, 598 F.3d 726, 729 (11th Cir. 2010) (quoting United States v. LeCroy, 441 F.3d 914, 924 (11th Cir. 2006)). Therefore, our review for sufficiency of the evidence inquires only whether a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt. United States v. Godinez, 922 F.2d 752, 755 (11th Cir. 1991). "The question is whether reasonable minds could have found guilt beyond a reasonable doubt, not whether reasonable minds must have found guilt beyond a reasonable doubt." United States v. Bacon, 598 F.3d 772, 775 (11th Cir. 2010) (quoting United States v. Ellisor, 522 F.3d 1255, 1271 (11th Cir. 2008)) (emphasis in original omitted). Accordingly,

> [i]t is not necessary for the evidence to exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt . . . . The jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial, and the court must accept all reasonable inferences and credibility determinations made by the jury.

United States v. Garcia, 447 F.3d 1327, 1334 (11th Cir. 2006) (internal quotations and citations omitted). We are "bound by the jury's credibility choices, and by its rejection of the inferences raised by the defendant." United States v. Peters, 403 F.3d 1263, 1268 (11th Cir. 2005).

United States v. Broughton, 689 F.3d 1260, 1276-77 (11th Cir. 2012)

(some citations omitted). Even if there were conflicts in the testimony at

trial, credibility and the probative force of conflicting testimony should not

be determined on a motion for judgment of acquittal. Lynch v. State, 293

So. 2d 44, 45 (Fla. 1974).  In moving for a judgment of acquittal, the

movant admits every conclusion favorable to the adverse party that a jury

might fairly infer from the evidence.  *Id.*

In this case, at the close of the State's presentation of evidence,

defense counsel moved for a JOA, but not on the basis now urged by

Martin:

> MS. AMOND [defense counsel]:  Your Honor, just to
> make a record, I would move for a judgment of acquittal,
> basically arguing that there was not a valid reason for the stop.
> Even based on what the officer testified, he was driving past the
> vehicle.  And the whole reason for the vehicle stop was
> because he believed he smelled the odor of marijuana.
>
> There was inconsistencies in his statement.  He basically
> said both the windows were down, and then he testified later
> that the driver's window was halfway down.  It would have been
> extremely difficult for him to smell marijuana driving by, so I
> would ask for a judgment of acquittal based on that.
>
> THE COURT:  At this juncture, all inferences go to the
> State, so I'll deny the motion for judgment of acquittal.

Ex. 2 at 117.  Martin asserts his attorney provided ineffective assistance by

not arguing, in the JOA motion, that abandonment does not constitute

tampering with the evidence.  ECF No. 1 at 7.

As set forth in the analysis of Ground 1, *supra*, the evidence

presented at Martin's trial, when viewed under the above-cited tests, was

sufficient for presentation of the tampering charge to the jury.  Even if trial

counsel had argued in more detail or made the specific argument urged by Martin (that abandonment does not constitute tampering), there is no reasonable likelihood that the trial court would have granted a judgment of acquittal in the case based on the evidence presented and the reasonable inferences and credibility determinations that the jury was entitled to make. *See, e.g.*, Donaldson v. State, 722 So. 2d 177, 182 (Fla.1998) ("The fact that the evidence is contradictory does not warrant a judgment of acquittal since the weight of the evidence and the witnesses' credibility are questions solely for the jury."); State v. Nichols, 892 So. 2d 1221, 1228 (Fla. 1st DCA 2005) ("The witnesses credibility and the weight of the evidence are questions for the jury.").

As detailed in the analysis of Ground 1, *supra*, Officer Sieman testified that he saw what appeared to be marijuana and a scale in Martin's hand as he approached the vehicle; the video taken by the officer's body camera corroborated the events and depicted the scale, although the marijuana was not visible in the video.  Ex. 2 at 93-95, 103-05.   Martin fled with the marijuana and the scale and, although neither was found when officers apprehended Martin, "[a]n affirmative act of throwing evidence away constitutes more than mere abandonment," as indicated by the court in Jennings, 666 So. 2d at 132.  In a footnote, the Jennings court stated

that, even when the objects are not recovered, a defendant "can be found guilty of tampering under section 918.13 if a trier of fact finds [the defendant] knew an investigation was about to begin and destroyed objects which he knew were the focus of the impending investigation." *Id.* at 134 n.3. Thus, the evidence presented was sufficient for the case to go to the jury and for the jury to find Martin guilty of tampering under section 918.13. Trial counsel is not deficient for failing to present a meritless claim. <u>Denson v. United States</u>, 804 F.3d 1339, 1342 (11th Cir. 2015).

Based on the foregoing, Petitioner Martin has not shown that the state courts' rejection of this ground involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2). Accordingly, this ground should be denied.

## Conclusion

Petitioner Marktavios D. Martin is not entitled to federal habeas relief. Accordingly, it is respectfully **RECOMMENDED** that the § 2254 petition, ECF No. 1, be **DENIED**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a

certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the

§ 2254 petition (ECF No. 1).  It is further **RECOMMENDED** that a certificate

of appealability be **DENIED** and that leave to appeal in forma pauperis be

**DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on April 16, 2020.

> **S/ Martin A. Fitzpatrick**
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. R. 3-1; 28 U.S.C. § 636.**